UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS DANIEL PIERSON,

    Plaintiff,

v.                                                Case No. 8:20-cv-1600-SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 37) is before the Court. The Motion is unopposed (*Id.* at 4; Doc. 37-5).[1] On March 4, 2022, this Court entered an order reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 32). The Court then awarded Plaintiff's attorney $7,706.66 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 35).[2] Upon remand, the Commissioner issued a favorable decision resulting in an award of past-due benefits to Plaintiff. Counsel now seeks § 406(b) fees in the amount of $19,804.50 (Doc. 37 at 3).

---

[1] Counsel is advised that any future motions should comply with Local Rule 3.01(a). *See* L.R. 3.01(a), M.D. Fla. ("If the interested parties agree to the relief sought in a motion, the title must include 'unopposed.'").

[2] Any award here must be offset by the EAJA fees. *See Watford v. Heckler*, 765 F.2d 1562, 1566 n. 5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to claimant of the amount of the EAJA award or by a reduction of the § 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Plaintiff's counsel acknowledges her duty to refund fees received under the EAJA (Doc. 37 at 4).

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for her representation. Such fee is not to exceed twenty-five percent of the retroactive benefits to which the claimant is entitled. 42 U.S.C. § 406(b). Even when the fees requested are unopposed and the fee sought does not exceed the statutory limitation on attorneys' fees, the Court still must inquire whether such fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Generally, the best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client." *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citation and quotations omitted). Other factors to be considered address the "character of the representation and the results the representative achieved"; for example, whether the attorney was responsible for delay in the case that would result in a greater fee due to the accumulation of back benefits, and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (citations omitted). Moreover, although a court is not to apply a lodestar method in determining the reasonableness of an agreed upon contingency fee, a court may consider the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

In this case, counsel is seeking fees for her representation of Plaintiff on the appeal before this Court, which reversed and remanded Plaintiff's application to the agency for

2

further proceedings (Doc. 32).  This ultimately resulted in an administrative order finding Plaintiff disabled and an award of benefits calculated back to December 2016 (Doc. 37-4, Ex. C).  Plaintiff entered into a fee agreement to pay his counsel twenty-five percent of the past due benefits awarded (Doc. 37-4, Ex. A).  According to the Notice of Award, twenty-five percent of the past due benefits is $19,804.50 (Doc. 37-4, Ex. C).  Here, counsel spent 36.8 hours of work before this Court (Doc. 37-, Ex. B).  This amounts to an hourly fee of $538.17 (or $19,804.50 divided by 36.8).  Considering the risk counsel assumes in a contingency case, this is reasonable.  *See Amador v. Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of $1,279.00 and finding it was not a windfall to the attorney); *Vilkas v. Comm'r of Soc. Sec.,* No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart,* 412 F. Supp. 2d 1240, 1242-44 (M.D. Ala. 2005) (citing *Claypool v. Barnhart,* 294 F. Supp. 2d 829 (S.D.W. Va. 2003), wherein $1,433.12 per hour was permitted).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 37) is **GRANTED**;

2. Plaintiff's counsel is awarded attorney's fees in the amount of $19,804.50;

3

3. The amount of $7,706.66 in attorney's fees previously awarded under the EAJA is to be refunded to Plaintiff; and

4. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED** in Tampa, Florida, on October 16, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE